■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD W. SANTOSPAGO, Appellant. [603 NYS2d 551] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered May 14, 1991, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that his conviction was not supported by legally sufficient evidence because the house that he burglarized did not have a certificate of occupancy at the time of the burglary and therefore did not constitute a "dwelling" within the meaning of Penal Law §§ 140.25 and 140.00 (3). Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. At trial, the complainant testified that he moved into the house with his girlfriend two months prior to the burglary and that he lived there continuously from that point in time. Further, the complainant and two police officers who had investigated the burglary testified that the house was supplied with water, heat, electric, and phone services. The house was fully equipped with kitchen appliances, the closet had clothes in it, and the house was furnished with such items as a bed, a television, a video cassette recorder, and some living room furniture. This evidence was sufficient to establish that the house was a "dwelling" which is defined as "a building which is usually occupied by a person lodging therein at night" (Penal Law § 140.00 [3]).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Copertino and Pizzuto, JJ., concur.